1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| YASIN SALEH, | ) | 1:09cv086 DLB |
| | ) | |
| | ) | |
| | ) | ORDER REGARDING |
| Plaintiff, | ) | PETITION FOR FEES |
| | ) | |
| v. | ) | (Document 24) |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

17

18

19

20

    This matter is before the Court on a petition for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), filed on September 23, 2010, by Plaintiff Yasin Saleh ("Plaintiff").  The Commissioner filed an opposition on October 25, 2010, arguing that the fee requested is unreasonable and should be reduced.  Plaintiff did not file a reply.

21

22

    The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Dennis L. Beck, United States Magistrate Judge.[1]

23

**BACKGROUND**

24

    Plaintiff filed the instant complaint challenging the denial of benefits on April 7, 2008.

25

26

    On April 3, 2009, Defendant filed a motion to remand the action pursuant to sentence six of 42 U.S.C. § 405(g) because the claim file and the recording of the administrative hearing

27

28

[1] The parties consented to the jurisdiction of the United States Magistrate Judge.

could not be located.  Plaintiff did not oppose the motion and the Court remanded the action on

May 27, 2009.  The Court ordered the parties to file a joint status report within 90 days, and

every 120 days thereafter.

On August 20, 2010, Defendant moved to reopen the case and enter judgment in favor of

Plaintiff.  Defendant explained that following remand, the agency issued a fully favorable

decision.  The Court granted the request to reopen and entered judgment on August 24, 2010.

By this motion, Plaintiff seeks $2600.39 in attorneys' fees.

## DISCUSSION

Under the EAJA, a prevailing party will be awarded reasonable attorney fees, unless the

government demonstrates that its position in the litigation was "substantially justified," or that

"special circumstances make an award unjust."  28 U.S.C. § 2412 (d)(1)(A).  An award of

attorney fees must be reasonable. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).

"[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from a fee award,

and charges that are not properly billable to a client are not properly billable to the government.

*Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  A court has wide latitude in determining the

number of hours reasonably expended.  *Cunningham v. County of Los Angeles*, 879 F.2d 481,

484 (9th Cir. 1988).

Plaintiff requests a total of $2,600.39 for 15.3 hours of attorney time spent in litigating

this action from 2008 through 2010.  In support of his request, he submits an itemization of time

spent by Attorney James Miller.[2]  Defendant does not dispute that Plaintiff is entitled to a fee

award as the prevailing party, nor does he dispute the hourly rates.  Rather, he contends that the

requested time is excessive.

---

[2] Defendant initially contends that Mr. Miller's itemization is not sufficiently specific to allow for proper review.  While a more detailed statement would be preferred, the Court can adequately review the time spent in light of the relatively simple procedural posture of this action.  "[P]laintiff's counsel 'is not required to record in great detail how each minute of his time was expended.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 437 n. 12).  "Instead, plaintiff's counsel can meet his burden-although just barely-by simply listing his hours and 'identifying the general subject matter of his time expenditures.'"  *Id.* (finding denial of fee application an abuse of discretion where the fee request included summaries of tasks such as "pleadings and pretrial motions").

1         1.     *Clerical Time*

Defendant first argues that counsel should not receive compensation for certain clerical tasks.  Specifically, Defendant seeks to prohibit the recovery of fees for 5.3 hours, which Defendant characterizes as "opening emails, downloading documents, calendaring and efforts at perfecting service through the Marshall's office."  Opposition, at 3.

Not all of the disputed tasks are purely clerical, however.  Disallowing time for "opening emails" asks the Court to parcel out a few seconds from otherwise allowable time.  Reading emails about litigation is attorney work and the Court will not classify opening such emails as a clerical task.  Defendant also asks the Court to disallow time for "downloading documents," but "downloading" is combined with the attorney task of "evaluating" court documents.  Similarly, calendaring and perfecting service, while mundane, are tasks that are routinely performed by an attorney.  *See eg. Williams v. Apfel*, 2000 WL 684259, *2 (S.D. Ind. 2000) (preparing the complaint and return of service documents and reviewing the answer, the Commissioner's brief, motions, and court orders are not tasks typically performed by clerical staff, as the attorney is responsible for seeing that the tasks are performed correctly).

Nonetheless, there is an entry for "start paper file" on February 14, 2008, as part of the .4 hours billed.  The exact amount of time spent on this task is not clear as it is combined with non-clerical work.  The Court finds that a .2 hour reduction is appropriate.

         2.     *Time Spent Prior to Filing of Complaint and on the Complaint Itself*

Defendant next challenges the amount of time spent on tasks performed prior to the filing of the complaint and the time spent in actual preparation of the complaint.

After the .2 hour reduction, Plaintiff spent a total of 2.4 hours reviewing the action, deciding on representation, calendaring, starting the application to proceed in forma pauperis and sending an email.  The Court disagrees with Defendant that this is an excessive amount of time.

Defendant also challenges the 3.1 hours counsel spent in preparing and filing the complaint and sending another email.  Given that the complaint is only two pages long and contains little information specific to Plaintiff, the Court agrees.  The Court finds that a reasonable amount of time for such tasks is .5 hours and adjusts the time accordingly.

3.     *Statement Regarding Sentence Six Remand*

Finally, Defendant objects to the 1.7 hours billed for drafting and filing a statement about sentence six remand.  This entry is dated August 25, 2009, and appears to correspond to the status report filed by Plaintiff on the same day.  Although Defendant characterizes the report as unnecessary, the Court disagrees based on the May 27, 2009, order to file a joint status report within 90 days.  However, the report is less than two pages in length and states that "Plaintiff has nothing to report."  The report further explains that Defendant is in control of the remand and sets forth the information that counsel is aware of.  Given the length and content of the status report, the Court finds that a reasonable amount of time for its preparation is .2 hours.

## AWARD

Plaintiff's motion is therefore GRANTED.  Plaintiff is entitled to an award in the total amount of $1,900.44, calculated as follows:

| | | |
|---|---|---|
| 3.6 hours in 2008 at $172.85 per hour = | 622.26 |
| 5.9 hours in 2009 at $172.24 per hour = | 1016.22 |
| 1.5 hours in 2010 at $174.64 per hour = | 261.96 |
| | $1,900.44 |

This amount is payable to Plaintiff pursuant to *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010). Defendant indicated that if Plaintiff did not owe a government debt that qualified for offset, then payment could be made in the name of Plaintiff's attorney based on the government's discretionary waiver of the Anti-Assignment Act.  Plaintiff has not, however, provided the Court with any information as to the status of any federal debts.


IT IS SO ORDERED.

**Dated:     December 20, 2010**          _____**/s/ Dennis L. Beck**_____
                                          UNITED STATES MAGISTRATE JUDGE